Below is an opinion of the court.

_____
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | |
|---|---|
| JASON HOWARD REED, | Case No. 22-30199-thp7 |
| Debtor. | |
| SAMI HALES, | Adv. Proc. No. 22-03037-thp |
| Plaintiff, | |
| v. | MEMORANDUM DECISION[1] |
| JASON HOWARD REED, | |
| Defendant. | |

       This matter came before the court on plaintiff Sami Hales' motion for attorney fees.[2] Defendant Jason Howard Reed challenges Mr. Hales' right to recover attorney fees.[3] After reviewing the motion, the response, and the records herein, and for the reasons set forth below, the court awards attorney fees to Mr. Hales in the amount of $47,014.88.

---

[1] This disposition is specific to this case. It may be cited for whatever persuasive value it may have.
[2] ECF Nos. 69 and 70.
[3] ECF No. 71.

Page 1 of 6 – MEMORANDUM DECISION

## Facts

The court previously held that Mr. Reed was the alter ego of ShinePro Building Solutions, LLC, that Mr. Reed was responsible for paying the Oregon state court judgment against ShinePro and in favor of Mr. Hales, and that Mr. Reed's obligation to pay that judgment was nondischargeable under 11 U.S.C. § 523(a)(4).[4]

At trial, the evidence established that Mr. Hales obtained an Oregon state court judgment against ShinePro in the amount of $38,500 plus attorney fees, costs, and prevailing party fees. This Oregon state court judgment was entered on a complaint that alleged four causes of action. Only one of those causes of action provided for an award of attorney fees. That cause of action was for a claim under Oregon's unfair trade practices law, and Mr. Hales sought recovery of attorney fees pursuant to ORS 646.638.

## Analysis

### A. Mr. Hales is Entitled to Recover Attorney Fees in this Action.

A bankruptcy court may award attorney fees in an action to determine dischargeability, provided that (a) underlying non-bankruptcy law provides a right to recover attorney fees and (b) the issues litigated in the dischargeability action are within the scope of the non-bankruptcy law.[5]

Oregon law provides Mr. Hales a right to recover attorney fees. By entering a judgment against ShinePro for attorney fees, the Oregon state court has already decided that Mr. Hales was entitled to recover attorney fees from ShinePro pursuant to ORS 646.638.[6]

---

[4] ECF No. 65 and 67.
[5] *Saccheri v. St. Lawrence Valley Dairy (In re Saccheri)*, 2012 WL 5359512, *13 (9th Cir. BAP 2012), relying upon *Cohen v. de la Cruz*, 523 U.S. 213, 223, 118 S. Ct. 1212, 1219 (1998), and *Fry v. Dinan (In re Dinan)*, 448 B.R. 775, 785 (9th Cir. BAP 2011).
[6] Both parties make arguments about whether attorney fees are available under Oregon Rule of Civil Procedure 68. Oregon Rule of Civil Procedure 68 is a rule of state court procedure, not a substantive basis for the award of attorney fees. State rules of civil procedure do not apply in bankruptcy court, except to the extent expressly directed by the Federal Rules of Bankruptcy Procedure (*see, e.g.*, Fed. R. Civ. P. 69, made applicable by Fed. R. Bankr. P. 7069). This court does not rely on Oregon Rule of Civil Procedure 68 to award attorney fees.

Once this court entered its judgment determining that Mr. Reed was an alter ego of ShinePro, there is also a judgment in favor of Mr. Hales and against Mr. Reed for attorney fees under ORS 646.638. The Oregon District Court has described the effect of a court's determination that a person is an alter ego of an entity: "When a plaintiff obtains a judgment against an entity, he, she, or it also obtains a judgment against any of its alter egos. Once the trial determined that an individual is an entity's other self and there is a judgment against the entity, there is also a judgment against an individual because their identities are no longer separate."[7] Although the District Court addressed this issue in the context of evaluating the applicable statute of limitations, the rule is straightforward, and this court sees no reason why this rule would not also apply in this context. This rule is consistent with Oregon law, which provides that an individual alter ego can be held responsible both for the principal debt and the attorney fees owed by an entity.[8]

In *Holder v. Elg*, the Oregon Court of Appeals held that the right to recover attorney fees in Oregon extends to efforts of a judgment creditor to collect on a judgment providing for attorney fees.[9] *Holder* expressly recognizes a right to recover attorney fees to collect on a judgment in Oregon: "Plaintiff responds that Oregon law should govern his entitlement to attorney fees and that Oregon law recognizes a party's right to receive post-judgment fees for collection when the original judgment awarded that party attorney fees. Plaintiff is correct."[10] Mr. Reed argues that *Holder* relied upon an earlier case, *Johnson v. Jeppe*, which made the right to attorney fees for collection discretionary with the court, and that the right to attorney fees for collection is not absolute.[11] *Johnson* is distinguishable because it involved an award of estimated attorney fees for collection prior to when those fees were

---

[7] *Zweizig v. Rote*, 2016 WL 8732309, *4 (D. Or. 2016), *quoting* 114 Am. Jur. 3d Proof of Facts 403 § 29 (2010 & Supp. 2015) (footnotes and citations omitted).
[8] *Salem Tent & Awning Co. v. Schmidt*, 79 Or. App. 475, 483, 719 P.2d 899, 904 (1986).
[9] *Holder v. Elg*, 151 Or. App. 329, 332, 948 P.2d 763, 764 (1997).
[10] *Holder v. Elg*, 151 Or. App. at 332, 948 P.2d at 764 (internal citations omitted).
[11] *Johnson v. Jeppe*, 77 Or. App. 685, 688, 713 P.2d 1090, 1091 (1986).

incurred, a situation in which some state court judges would award attorney fees and others would not. *Johnson* did not indicate that the right to an award of attorney fees for collection would be discretionary after those attorney fees were incurred.

Mr. Reed argues that this action to establish alter ego liability and nondischargeability of an underlying state court judgment is not an action to enforce or collect that judgment. Instead, he asserts that this case is a separate action against a new party. Mr. Reed's argument is incorrect. By finding that Mr. Reed was an alter ego of ShinePro, the court found that Mr. Reed and ShinePro were the same party and are liable for the same judgment. Alter ego theories are not separate substantive questions of law or claims for legal relief, they are merely procedural.[12]

The remaining question, then, is whether the issues litigated in this nondischargeability action were within the scope of ORS 646.638(3), which provides:

> "The court may award reasonable attorney fees and costs at trial and on appeal to a prevailing plaintiff in an action under this section. The court may award reasonable attorney fees and costs at trial and on appeal to a prevailing defendant only if the court finds that an objectively reasonable basis for bringing the action or asserting the ground for appeal did not exist."

Pursuant to ORS 646.638(1), actions under this section include actions under ORS 646.608 for commission of various unlawful practices, including the following subsections of that statute:

> "(d) **Uses deceptive representations** or designations of geographic origin **in connection** with real estate, goods or **services**.
> * * *
> (j) **Makes false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions**.
> (k) **Makes false or misleading representations concerning** credit availability or **the nature of the transaction or obligation incurred**.
> * * *
> (s) **Makes false or misleading representations of fact concerning the** offering price of, or the **person's cost for** real estate, goods or **services**.

---

[12] *Wickliff v. La Quinta Worldwide, LLC*, 2017 WL 1483447, *3 (D. Or. 2017), *citing Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010).

* * *

(u) **Engages in any other unfair or deceptive conduct in trade or commerce**." (emphasis added).

The issues that arose in this nondischargeability case were well within the scope of actions prohibited by ORS 646.608. This court had to address Mr. Reed's false and deceptive representations regarding Mr. Hales' deposit—how it was used, when and how it could be refunded, and how much would be refunded—as part of its decision on nondischargeability under 11 U.S.C. §523(a)(4).[13] Mr. Hales was entitled to recover his attorney fees for these false and deceptive representations outside of bankruptcy, and can therefore claim them within a nondischargeability action in bankruptcy.[14]

B. **Reasonableness of Mr. Hales' Attorney Fees.**

Mr. Reed challenges the reasonableness of Mr. Hales' attorney fees, arguing in a general way that the time expended was excessive. The court has reviewed each of Mr. Hales' counsel's discrete time entries in the application. Counsel's hourly rates are reasonable in this jurisdiction. Counsel has exercised appropriate billing judgment and reduced the bill from $63,779.00 to $52,238.75 to avoid duplicative matters, inefficiencies, and non-billable time.

The court does have one concern about Mr. Hales' counsel's attorney fees, which was not raised by Mr. Reed. Based on the time entries presented, Counsel appears to use a minimum billing time increment of 0.25 hours. This is contrary to LBR 2016-1(b)(1), which requires use of a minimum billing time increment of 0.10 hours. The court will reduce the fee award by 10% to account for this concern.

Viewed overall, and with this adjustment, the amount of time expended was reasonable and necessary to prosecute this case.

---

[13] Memorandum Decision, ECF No. 65, p. 11.
[14] *Dinan*, 448 B.R. at 785.

Page 5 of 6 – MEMORANDUM DECISION

Case 22-03037-thp    Doc 72    Filed 01/23/23

## Conclusion

For the reasons set forth above, the court awards attorney fees to Mr. Hales in the amount of $47,014.88. Plaintiff's counsel should prepare an appropriate form of supplemental judgment, which should be lodged within ten (10) days of entry of this opinion.

# # #

cc: Abraham J. Barnett
James G. DeRouin
Noah Bishop